UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| JOHN M. LACNY | * | CIVIL ACTION |
| | * | |
| Plaintiff, | * | |
| | * | NO. 5:11-CV-0405 |
| | * | |
| v. | * | |
| | * | JUDGE: S. MAURICE HICKS |
| CHESAPEAKE ENERGY CORPORATION, | * | |
| CHESAPEAKE ENERGY LOUISIANA | * | |
| CORPORATION AND HONEYCUTT | * | MAG. JUDGE: MARK L. HORNSBY |
| HILL CORPORATION | * | |
| | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER AND AFFIRMATIVE DEFENSES**

**NOW INTO COURT**, through undersigned counsel, come Defendants, Chesapeake Energy Corporation and Chesapeake Energy Louisiana Corporation, which, in response to the Petition (hereinafter "Complaint") filed by the Plaintiff, John M. Lacny, aver as follows:

**ANSWER**

Defendants, in response to the specific allegations set forth in the numbered paragraphs included in the Complaint, answer as follows:

I.

Defendants admit that Chesapeake Energy Corporation and Chesapeake Energy Louisiana Corporation are Oklahoma corporations, with their principal place of business in Oklahoma City, Oklahoma. Defendants further admit that Honeycutt Hill Corporation is a Louisiana Corporation, with its principal place of business in Shreveport, Louisiana, but submit that the defendant is improperly joined in this lawsuit.

II.

The allegations of Paragraph II of the Complaint are denied for a lack of sufficient information to justify a belief therein.

III.

The allegations of Paragraph III of the Complaint are denied.

IV.

Defendants admit that the Sumner 25-13-14 H-1 well located in DeSoto Parish, Louisiana suffered a blowout at the surface on November 18, 2009. The remaining allegations of Paragraph IV of the Complaint are denied.

V.

The allegations of Paragraph V of the Complaint are denied.

VI.

The allegations of Paragraph VI of the Complaint are denied.

VII.

The allegations of Paragraph VII of the Complaint are denied.

VIII.

Paragraph VIII of the Complaint contains a statement purporting to reserve the Plaintiff's right to a jury trial and, as such, requires no response from Chesapeake.

IX.

All allegations not specifically admitted herein are hereby denied. Defendants further reserve their right to amend this Answer to add additional affirmative defenses or counterclaims, or both, as discovery proceeds and as additional information becomes available.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff has failed to state a cause of action against the Defendants for which relief may be granted.

### SECOND DEFENSE

Defendants have breached no duty of care that was or could have been owed to the Plaintiff on the premises of the Complaint.

### THIRD DEFENSE

Defendants have engaged in no conduct and committed no act or omission that was or could have been the direct, legal, and/or proximate cause of any damage, loss, or injury to the Plaintiff.

### FOURTH DEFENSE

Plaintiff's claims against the Defendants are barred to the extent that he has sustained no physical injury or damage to any proprietary interest.

### FIFTH DEFENSE

Plaintiff has otherwise not sustained any legally cognizable damage, loss, or injury.

### SIXTH DEFENSE

To the extent that Plaintiff has sustained any damages in connection with the occurrences alleged in the Complaint, which is denied, such damages are the direct and proximate result of the acts, omissions, or fault of persons other than Defendants and for whose conduct Defendants are neither responsible nor liable.

## SEVENTH DEFENSE

Because Plaintiff's alleged damages are the direct and proximate result of the fault of other parties for whose acts, omissions, and fault Defendants are neither responsible nor liable, his damages, if any, should be diminished and/or apportioned according to the principles of comparative fault.

## EIGHTH DEFENSE

Defendants allege that any obligation to the Plaintiff has been extinguished by reimbursement and/or payment as compensation for his damages, if any.

## NINTH DEFENSE

Plaintiff has failed to join necessary and indispensable parties.

## TENTH DEFENSE

Defendants reserve the right to supplement and/or modify these affirmative defenses as additional facts become known.

**WHEREFORE**, Defendants, Chesapeake Energy Corporation and Chesapeake Energy Louisiana Corporation, pray that the foregoing Answer and Affirmative Defenses be deemed good and sufficient and after due proceedings be had, the Plaintiff's lawsuit be dismissed with prejudice, together with an award of attorneys' fees, costs and such other relief that the Court shall deem appropriate under the circumstances.

Respectfully submitted,

**BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC**

 /s/ Tyler L. Weidlich
KENNETH M. KLEMM, ESQ., T.A. (#22097)
TYLER L. WEIDLICH (#30790)
201 St. Charles Avenue, Suite 3600
New Orleans, Louisiana 70170
Telephone: (504) 566-5200
Facsimile: (504) 636-4000

**ATTORNEYS FOR DEFENDANTS,
CHESAPEAKE ENERGY CORPORATION
AND CHESAPEAKE ENERGY LOUISIANA
CORPORATION**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this, the 21st day of March, 2011, this pleading was electronically filed with the Clerk of Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record who have consented to electronic notification. I further certify that I have forwarded by facsimile and United States Postal Service this filing to the following non-CM/ECF participants:

David A. Dalia
830 Union Street, Suite 302
New Orleans, LA 70112

 /s/ Tyler L. Weidlich