**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JOHN M. LACNY                                            CIVIL ACTION NO. 11-0405

VERSUS                                                         JUDGE S. MAURICE HICKS, JR.

CHESAPEAKE ENERGY                                MAGISTRATE JUDGE HORNSBY
CORPORATION, ET AL.

**MEMORANDUM ORDER**

Before the Court is a Magistrate Appeal (Record Document 23) filed by Plaintiff John

M. Lacny ("Lacny").  Lacny appeals from the Magistrate Judge's Memorandum Ruling

(Record Document 22) of August 18, 2011, which denied Lacny's Motion for

Reconsideration.  Defendants Chesapeake Energy Corporation and Chesapeake Energy

Louisiana Corporation (collectively referred to as "the Chesapeake entities") oppose the

Magistrate Appeal.  See Record Document 25.  For the reasons which follow, the

Magistrate Appeal is **DENIED** and the Magistrate Judge's denial of Lacny's Motion for

Reconsideration is **AFFIRMED**.

**BACKGROUND**

Lacny filed suit in a DeSoto Parish state court seeking to recover damages caused

to his home, improvements, and land after a natural gas well located near his property

exploded.  He named the Chesapeake entities and Honeycutt Hill Corporation ("Honeycutt")

as defendants.  As noted by the Magistrate Judge in his ruling, Lacny alleged, without

specificity, that the "defendants" were responsible for the damages because they

negligently operated the well.

The Chesapeake entities removed the case based on diversity of citizenship.  They

conceded that Honeycutt is, like Lacny, a Louisiana citizen.  However, they contend that

Honeycutt's non-diverse citizenship should be ignored under the improper joinder doctrine because Honeycutt had no interest in the well or its operation.

Lacny filed a Motion to Remand that challenged the improper joinder plea.  <u>See</u> Record Document 5.  The Magistrate Judge denied such motion on May 26, 2011.  <u>See</u> Record Document 10.  Lacny then filed a Motion for Reconsideration, which was also denied by the Magistrate Judge.  <u>See</u> Record Documents 11 and 22.  Lacny has now appealed the denial of the Motion for Reconsideration to the undersigned.  <u>See</u> Record Document 23.

## LAW AND ANALYSIS

### I.      Magistrate Appeal Standard.

Magistrate Judge Hornsby's ruling on both the Motion for Reconsideration addressed a non-dispositive matter. The action taken in the ruling is not listed in 28 U.S.C. § 636(b)(1)(A) as one of the dispositive motions (often referred to as the "excepted motions") that a magistrate judge may not decide.  Magistrate Judge Hornsby's ruling was not a recommendation to the district court; rather, the ruling was an order from the magistrate judge on non-dispositive matter that requires the district court to uphold the ruling unless it is clearly erroneous or contrary to law.  <u>See</u> 28 U.S.C. § 636(b)(1)(A); <u>see also</u> <u>Castillo v. Frank</u>, 70 F.3d 382, 385 (5th Cir.1995) and <u>Perales v. Casillas</u>, 950 F.2d 1066, 1070 (5th Cir.1992). This Court will review Magistrate Judge Hornsby's legal conclusions *de novo*, and will review his factual findings for clear error. <u>See</u> <u>Choate v. State Farm Lloyds</u>, No. 03–CV–2111, 2005 WL 1109432, *1 (N.D.Tex. May 5, 2005).

**II.     Lacny's Appeal.**[1]

At the outset, the Court notes that all issues relating to subject matter jurisdiction have been more than fully briefed in this matter.  In fact, the instant appeal is Lacny's third attempt to remand this case on the grounds that Honeycutt defeats diversity jurisdiction. Even in his third attempt, Lacny falls short of establishing that Magistrate Judge Hornsby's ruling on the issue of improper joinder was clearly erroneous or contrary to law.

Lacny has failed to cite to the applicable standard of review and his briefs are simply a rehashing of arguments previously made to the Magistrate Judge.  At most, any new argument submitted by Lacny in his appeal is nonsensical or, at best, pure speculation on his part or the part of his attorney.  For example, Lacny argues that the Magistrate Judge was manifestly erroneous for failing to refer to a "mandatory state law joinder statute" and that the Magistrate Judge "imposed his own contractual interpretation upon the Plaintiff, at odds with the plain language of the contract."  Record Document 23 at 2, 4.  Such arguments are unfounded and unpersuasive to the Court.  Lacny has simply failed to demonstrate a reasonable basis of recovery against Honeycutt.  Moreover, his scant arguments lack the factual or legal support to demonstrate that Magistrate Judge Hornsby's ruling on improper joinder was clearly erroneous or contrary to law.  The denial of Lacny's Motion for Reconsideration is, therefore, **AFFIRMED**.

## CONCLUSION

Based on the foregoing analysis, the Court finds that Magistrate Judge Hornsby's

---

[1]The Chesapeake entities argue that Lacny's appeal is untimely under Federal Rule of Civil Procedure 72(a).  See Record Document 25 at 6-7.  However, the Court will assume timeliness and proceed to the merits of the appeal.

Memorandum Rulings of August 18, 2011 was not clearly erroneous or contrary to law.

Accordingly, the Magistrate Appeal (Record Document 23) is **DENIED** and Magistrate

Judge Hornsby's denial of Lacny's Motion for Reconsideration (Record Document 22) is

**AFFIRMED**.[2]

      **IT IS SO ORDERED.**

      **THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 13th day of June, 2012.

                                        S. MAURICE HICKS, JR.
                                    UNITED STATES DISTRICT JUDGE

---

[2]The instant ruling also affirms the Magistrate Judge's Memorandum Order of May 26, 2011, which denied Lacny's Motion to Remand and upheld the Chesapeake entities' improper joinder plea. See Record Document 10.